FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N Y

★ FEB 1 0 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DOR YESHURIM, INC.,

        Plaintiff,

        – against –

A TORAH INFERTILITY MEDIUM OF
EXCHANGE,

        Defendant.
----------------------------------------X

DEFAULT JUDGMENT
AND
ORDER ADOPTING REPORT
AND RECOMMENDATION
10-CV-2837 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

On June 21, 2010, plaintiff filed the complaint in this action against A Torah Infertility Medium of Exchange. On June 23, 2010, plaintiff served defendant with a copy of the summons and complaint. Defendant, however, failed to answer or appear in this action. On October 13, 2010, plaintiff moved for an entry of default against defendant. On October 20, 2010, the Clerk of the Court noted the default of defendant. On November 24, 2010, plaintiff moved for a default judgment against defendants. By Order dated January 4, 2011, the Court ordered that defendants respond in writing within ten days as to why default judgment should not be entered. Defendants did not respond. By Order dated February 18, 2011, the Court entered a judgment of default in favor of plaintiff Dor Yeshurim and against defendant A Torah Infertility Medium of Exchange, and referred the calculation of damages to Magistrate Judge Wall for a report and recommendation.

On August 10, 2011, Magistrate Judge Wall issued a Report and Recommendation (the

1

"R&R"), based on the evidentiary submissions made by plaintiff, recommending that the Court award plaintiff a total amount of $21,202.31 and that the Court permanently enjoin the defendant from further infringing conduct. (*See* R&R, at 20.) The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days. (*See* R&R, at 20.) Plaintiff filed an affirmation on January 18, 2012 stating that it had served a copy of the R&R on defendant on January 9, 2012. No objections have been filed to date, although the date for filing such objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir. 1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v.*

*ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.1989).

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety.[1]

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendant.

s/ Joseph F. Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2012
        Central Islip, NY

---

[1] Even under a de novo standard of review, the Court would adopt the R&R in its entirety for the same reasons contained in the R&R.